[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants in this personal injury action have moved to strike Counts Three, Four, Five, Six, Eight and Nine of the plaintiffs' complaint, contending that none of said counts states a cause of action upon which relief can be granted. The plaintiffs have objected to the motion to strike in its entirety.
The plaintiffs in this action are Diane Orsini and her two minor sons, Jason and Richard. In Counts Three, Four, Five, Six, Eight and Nine, Jason and Richard seek compensatory, double or treble and exemplary damages for the loss of their mother's care, support and guidance as a result of the personal injuries which CT Page 5261-CCCCCC she suffered as a result of the alleged negligence or recklessness of the defendants. The defendants contend that all of these counts should be stricken because there is no cause of action in Connecticut for loss of parental or filial consortium. As this court advised counsel at oral argument on the defendants' motion to strike, this court has previously recognized a cause of action for loss of parental consortium, on facts very similar to those before the court now. Ammerman v. Jordan, Superior Court, judicial district of Waterbury, Docket No. CV94-0121129 (October 24, 1995), also found at 1995 WL643160 and 15 Conn. L. Rptr. No. 9, 299. The court has reviewed the recent Connecticut district court decision in Hyun v. South Kent School, 1996 WL148698, the only case cited by the defendants which postdates the ruling inAmmerman. The court continues to believe that the better reasoning supports recognition of a cause of action for loss of parental consortium.
Accordingly, the motion to strike is denied for the reasons stated in Ammerman.
VERTEFEUILLE, J.